### DUNN v. CITY OF NEW YORK. (No. 7165.)

(Supreme Court, Appellate Division, First Department. May 14, 1915.)

COSTS ⊜⇒254—PRINTING OF CASE ON APPEAL—LIABILITY.
    Plaintiff, obtaining a judgment which was reversed on appeal, made no objection to the printing of exhibits as a part of defendant's case, though a galley proof, with a copy of the exhibits, was submitted to his attorney. The printer by affidavit showed that the prices charged were reasonable. Other affidavits showed the same fact. One in charge of a lithographing and printing business submitted an affidavit fixing reasonable charges at a less sum. *Held*, that defendant was entitled to tax, as costs, the prices charged by the printer.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 962–966, 974–977; Dec. Dig. ⊜⇒254.]

    Laughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Bartholomew Dunn against the City of New York. From an order granting a motion for retaxation of costs, defendant appeals. Reversed.

See, also, 157 App. Div. 917, 142 N. Y. Supp. 1116.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Terence Farley, of New York City, for appellant.

Abraham Wielar, of New York City, for respondent.

INGRAHAM, P. J. The appeal is from an order retaxing a bill of costs by deducting therefrom so much of the costs of printing the exhibits which is included in the item of $1,416.27, "Paid printing cases, Appellate Division," as exceeds the sum of $350, to wit, the sum of $701.27. The amount taxed by the clerk was $1,690.56 for printing the case on appeal to the Appellate Division. The plaintiff applied at Special Term to retax the costs so as to reduce this amount allowed for printing the case on appeal, and the court, on that application, entered the order reducing this amount by the sum of $1,021.87, and from that order the defendants appeal. On the taxation of costs there was submitted to the clerk an affidavit of the assistant corporation counsel, which stated that a galley proof of the case on appeal, including a copy of exhibits, with lithograph copies of certain of the plaintiff's exhibits, was submitted to the plaintiff's attorney, and no objection was made to the printing of these exhibits in full or to the style or process used in reproducing the plaintiff's exhibits, and that subsequently a printed copy of the record was submitted to the court and allowed by it as the case on appeal, and there is the usual stipulation that the case as printed be filed, as was subsequently done. There is also submitted the affidavit of the printing company who printed the record, in which it appears that the prices charged for the printed matter and for reproduction of those exhibits are reasonable and just; that the method used was the usual method of making true and lasting copies of maps, diagrams, and copies similar to such exhibits for use in cases on appeal; that said process is the cheapest method of reproduction, where true and lasting records are required, and particularly where more than one color is involved; and that the case and points conform in every respect to the general rules and practice and rules of the Appellate Division. And there was submitted with this exhibit a bill rendered by the printer to the city of New York, the defendant, for printing the case and lithographing the exhibits. Other affidavits were also submitted, tending to show that the prices charged were reasonable and proper charges for such records, including the exhibits. On behalf of the plaintiff there was submitted the affidavit of his attorney, which merely stated that he objected to the allowance of the sum of $1,690.56 for printing the case on appeal to the Appellate Division, and the affidavit of the plaintiff and one Clambour in support of such objections. The affidavit of the plaintiff was merely that he objected to the amount of this allowance, and the affidavit of Clambour was to the effect that he was in charge of a lithographing and printing business; that he had examined the exhibits; and that a reasonable charge for making 30 copies thereof was $225, and for 60 copies, $275. The clerk allowed defendant for printing the records $1,416.27. Plaintiff recovered judgment against the defendant, from which the defendant appealed.

It printed the case on appeal with the proper exhibits, and adopted a

method of reproducing these exhibits which seemed proper, and upon which the Court of Appeals decided that the judgment against the city was erroneous, and there finally resulted a judgment in favor of the defendant. There is no proof that the defendant has actually paid the bill of the printer, but the evidence is quite satisfactory that the defendant had incurred the expense of printing this case on appeal, and it seems to have been printed and the exhibits lithographed in accordance with the wishes of the plaintiff, or certainly without any objection on his part; and, the defendant having actually incurred the expense of this printing, it seems to me that the defendant was entitled to tax the actual cost of printing as part of the necessary disbursements on appeal. The affidavit of this manager of a printing concern that a reasonable charge for making 30 copies of this case on appeal would be $225, and for 60 copies, $275, would seem to be clearly overborne by the affidavits presented on the part of the defendant that the price charged by the defendant's printer, and which had been incurred by the defendant as a necessary disbursement on the appeal, was a reasonable charge, and I do not think the Special Term on these affidavits was justified in retaxing the costs and throwing upon the defendant the expense of an appeal made necessary by an erroneous judgment obtained by the plaintiff, and to which it was finally decided the plaintiff was not entitled.

I think, therefore, the order appealed from should be reversed, with $10 costs and disbursements, and a motion to retax the costs denied, with $10 costs. Order filed.

McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). The defendant originally taxed in its bill of costs an item of $1,690.56 for "Paid printing cases, Appellate Division." On the retaxation, the clerk reduced this item to $1,416.27 by consent of the representative of the defendant. The court, on the motion for retaxation, further reduced this item by the sum of $701.27, and the order shows that the reduction was intended to be made on the charge for printing the exhibits, which it appears was embraced in the charge for printing the cases on appeal, although the bill of costs does not so show. It would appear from the order that in the item for printing cases on appeal, as retaxed by the clerk, was included the sum of $1,051.27 for printing the exhibits. There is, however, nothing in the record to show the amount charged for each item of printing in arriving at the amount which the defendant originally taxed for printing the record on appeal to the Appellate Division. The record shows a bill rendered by Martin B. Brown Company, printers, to the defendant on account of the law department, for printing 60 copies of the record on appeal to the Appellate Division in this action. That bill contains 12 items of charges, aggregating $2,071.50. The item for this work was originally taxed, however, at the sum of $380.94 less than the bill as rendered; but the record contains no explanation of how the deduction came to be made, or what deductions were made. Among the items in said bill is one of $365 for printing 365 pages at $1 a page. There are six separate items for printing six exhibits aggregating $1,-

293.70. There is another item of $2 for printing the cover, and an item of $5.50 for "Table." These items approximate the amount the defendant originally taxed. The other items, one of which is for $313.-39, appear to be charges for delay or corrections. It may be fairly inferred, therefore, that the defendant, in taxing the costs, originally undertook to tax the printers' actual charges for printing the record and exhibits, omitting the charges for delay and corrections; but the case has been argued in behalf of the defendant as if it originally taxed the entire amount of the printers' bill as rendered, and therefore it is impossible to determine upon what theory the clerk made the deduction of $274.29 from the item taxed for printing the record on appeal to the Appellate Division. However, the clerk acted on the defendant's consent, and no question is presented with respect to the correctness of his ruling.

It is claimed in behalf of the appellant that it has been obliged to pay the entire amount of the printers' bill as rendered; but the record fails to show any payment made by it for printing. It is also contended in behalf of the appellant that it was obliged to let this work on public bidding. Doubtless the law so requires (Greater New York Charter, §§ 419 and 1528); but the record fails to show whether or not the law was complied with in any respect, for there is no evidence of the letting of the printing contract, or that this work was covered by any contract, or under what arrangement or understanding it was performed. It merely appears by the affidavit of one Valentine that the M. B. Brown Printing & Binding Company, successor to Martin B. Brown Company, printed these records for the defendant and rendered the bill therefor to which reference has been made; but, as already observed, whether the printing was done under an existing contract fixing the charges, or under a special contract made for this work, either at a fixed price, or on a quantum meruit, does not appear. The record contains evidence tending to show that the charges made by the printers in the bill rendered to the defendant for this work were reasonable; but, on the other hand, the plaintiff showed by the affidavit of an employé of E. G. Soltmann, who had charge of the lithographing and printing business of his employer for six years last past, and had charge of making duplicate copies of maps and plans for the city of New York, that $275 would be a reasonable charge for making 60 copies of the exhibits. It appears that the excessive charge for the exhibits was owing to the process adopted by the printer to obtain fine lines and lasting colors. It does not appear that it was necessary to adopt that expensive process for the purpose of printing the exhibits for the use of the court and counsel. It is claimed in behalf of the defendant that the attorney for the plaintiff requested that the exhibits be printed in colors; but this claim is not sustained by the record. It merely appears that those exhibits were offered by the plaintiff, and that before they were printed the attorney for the plaintiff, by a letter, requested the assistant corporation counsel, having the matter in charge, to have a galley proof "of the exhibits as they will appear in the case on appeal" made, and that he be afforded an opportunity to examine the same "before you go to the expense of having it finally printed," and that a revised galley

proof of the case, including a lithograph copy of the exhibits, was furnished to the plaintiff's attorney as requested, and that no objection with respect to the exhibits in question was made thereto at any time; and the assistant corporation counsel expresses the opinion in his affidavit that it was to the interest of the plaintiff to have the exhibits printed and set forth in full, and that they be exact reproductions, including colors, "and that counsel for the plaintiff desired that they be so printed; that no request was made of defendant's counsel to omit, correct, modify, reduce, or reproduce by any other process any of" the exhibits in question.

Section 3256 of the Code of Civil Procedure entitles the successful party, to whom costs are awarded, to tax in his necessary disbursements the "reasonable expenses" of printing. If it appeared that this work was done under a lawful contract, and the defendant had paid, or would be obliged to pay, the amount taxed, I think it could not be said that the charge was unreasonable, notwithstanding the fact that it appears to be exceedingly high; but it appears that these exhibits could have been printed in conformity to the requirements of the rules of the court, without subjecting the city or the adverse party to such an expenditure as was charged for the work done in the manner described. It is not probable that any contract under which the city was obliged to have this printing done required that it be done in this expensive manner, which was unnecessary; but as already observed, if the city was obliged to pay this amount, it should have shown the fact.

The action, as appears by the record in this court and in the Court of Appeals (141 App. Div. 280, 126 N. Y. Supp. 61, reversed 205 N. Y. 342, 98 N. E. 495), was to recover for additional or extra work claimed to have been performed in connection with a contract for excavating and macadamizing parts of Eleventh avenue and Ft. George avenue. The exhibits in question were profile drawings showing the lines and grades of the avenues. It is manifest that the exhibits were not of sufficient importance to require that they be lithographed in this expensive manner. The court has allowed about as much for these exhibits as for printing the rest of the record, and I think the allowance was sufficient.

I am of opinion, therefore, that the order should be affirmed, with $10 costs and disbursements.

SCOTT, J., concurs.